**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS – HOUSTON DIVISION**

| | | |
|---|---|---|
| PH20 FUND I., L.P. | ) | |
|    *Plaintiff,* | ) | |
| | ) | |
| VS. | ) | Civil Action 4:24-cv-01002 |
| | ) | |
| WATER STATION MANAGEMENT, LLC | ) | |
|    *Defendant.* | ) | |

**DEFENDANT'S PROPOSED DISCOVERY / CASE MANAGEMENT PLAN
UNDER RULE 26(f)
FEDERAL RULES OF CIVIL PROCEDURE**

1. State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.

    The meeting of the parties was held on June 14, 2024. Dustin C. Lee attended for Defendant Water Station Management, LLC. Alaina King Benford attended for Plaintiff PH20 Fund I., L.P. Defendant drafted a proposed case management plan prior to the meeting, but Plaintiff was in transit at the time of the conference and could not review the proposed plan, so the specifics of the proposed plan were not discussed.

2. List the cases related to this one that are pending in any state or federal court with the case number and court.

    None.

3. Briefly describe what this case is about.

    Plaintiff contends that Plaintiff and Defendant entered into a Service Agreement for the sole purpose of Defendant to aid in servicing, repairing, locating, relocating, and providing vending sales and advertising for Plaintiff's water vending stations, as well as assisting Plaintiff with its day to day operations. Plaintiff contends that Defendant breached its obligations under the agreement by filing to make deposits collected from the water vending stations; ignoring requests for access to electronic financial records; failing to

provide Plaintiff with financial reports; and confiscating Plaintiff's revenue from the water vending stations for its own purposes.

4. Specify the allegation of federal jurisdiction.

   Plaintiff contends that federal diversity jurisdiction exists pursuant to 28 U.S.C. § 1332 because all persons on the Plaintiff's side of the controversy are citizens of different states from all persons on the Defendant's side of the controversy.

5. Name the parties who disagree and the reasons.

   Plaintiff and Defendant disagree about the facts and law in the case, particularly as to the extent of Defendant's alleged breaches and Plaintiff's alleged damages. The parties disagree about the amount of Defendant's payment obligations as well as Plaintiff's entitlement to payouts with respect to machines that were recalled, not performing, not functioning, etc.

6. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

   None at this time.

7. List anticipated interventions.

   None at this time.

8. Describe class-action issues.

   None at this time.

9. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

   Not at this time. The Parties anticipate making initial disclosures by July 17, 2024.

10. Describe the proposed agreed discovery plan, including:

    A. Responses to all the matters raised in Rule 26(f).

    a. 26(f)(3)(A) - The Parties anticipate making initial disclosures by July 17, 2024.

    b. 26(f)(3)(B) – Discovery is needed by the parties with respect to the case in general, including the following items: development of the facts, depositions of witnesses, requests for relevant documents, and other information necessary to limit issues for trial. Discovery need not be conducted in phases. Discovery should not be limited to or focused on particular issues.

    c. 26(f)(3)(C) – No issues are currently known as to disclosure or discovery of electronically stored information.

    d. 26(f)(3)(D) – No issues with respect to claims of privilege or protection have currently arisen. The Parties agree to assert a claim of privilege in response to any discovery requests that seek privileged materials and to attempt to resolve any disputes as to claims of privilege without the Court's intervention. The Parties agree to seek protection from the Court on or before the deadline for any discovery responses as to the materials for which protection is sought.

    e. 26(f)(3)(E) – The Parties are not currently seeking any limitations on the discovery imposed under the Federal Rules of Civil Procedure or local rules at this time.

B. When and to whom the plaintiff anticipates it may send interrogatories.

    _____

C. When and to whom the defendant anticipates it may send interrogatories.

    Defendant anticipates sending interrogatories to Plaintiff within 60 days.

D. Of whom and by when the plaintiff anticipates taking oral depositions.

    _____

> E.     Of whom and by when the defendant anticipates taking oral depositions.
>
> Defendant anticipates taking the depositions of Plaintiff's corporate representatives with knowledge of the facts of this case. Defendant anticipates taking the depositions of any expert witnesses designated by Plaintiff.
>
> F.     When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.
>
> Plaintiff will designate experts and provide reports by November 1, 2024. Defendant will designate experts and provide reports by December 2, 2024.
>
> G.     List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).
>
> _____
>
> H.     List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).
>
> Defendant anticipates taking depositions of any experts designated by Plaintiff, other than experts solely for attorney's fees. Defendant anticipates taking said depositions within 120 days of the date the experts are designated.

11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

    Unknown. Based on the conference, it appears that the parties are likely in alignment, but Defendant did not get a specific response to the proposed plan.

12. Specify the discovery beyond initial disclosures that has been undertaken to date.

    None

13. State the date the planned discovery can reasonably be completed.

    February 17, 2025.

14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.
    The parties are actively involved in productive settlement discussions that they believe will result a resolution of this case without the necessity of additional discovery and use of judicial resources.  The parties wish to use the next 30 days to actively work toward reaching a settlement of the case prior to working on additional discovery so as to avoid unnecessary attorney's fees expenditures by the parties.

15. Describe what each party has done or agreed to do to bring about a prompt resolution.

    The parties have discussed and corresponded about settlement terms that they believe will result in a resolution of the case.

16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.

    The parties believe that mediation would be appropriate in this case.  If the parties are not able to settle the case before discovery begins, the parties believe that mediation would be most productive toward the end of, or after, the discovery period.

17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

    Defendant is not opposed.

18. State whether a jury demand has been made and if it was made on time.

Plaintiff made a jury demand when the complaint was filed.

19. Specify the number of hours it will take to present the evidence in this case.

   The parties have not performed enough discovery to accurately anticipate the number of hours it will take to present the evidence in this case. Based on what is currently known, the parties anticipate that it will take at least 16 hours to present the evidence in this case if expert witnesses are not retained for matters other than attorney's fees, plus an additional 6 hours per expert witness retained.

20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

   None at this time.

21. List other motions pending.

   None at this time.

22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

   None at this time. The parties request as much time and flexibility as reasonably possible with respect to the performance of discovery to allow for productive settlement negotiations to continue prior to the parties having to expend additional attorney's fees for the discovery process.

23. List the names, bar numbers, addresses and telephone numbers of all counsel.

   KING BENFORD LAW FIRM PLLC
   Alaina King Benford
   State Bar No. 24027288
   Federal Id. 26994
   1980 Post Oak Blvd., Suite 2300
   Houston, Texas 77056
   TEL: (832) 687-0220
   FAX: (832) 604-1054
   Email: abenford@akblawfirm.com

LAW OFFICE OF DUSTIN C. LEE, PC
Dustin C. Lee
6700 Sands Point Dr.
Houston, Texas 77074
Phone: (817) 422-5940
Email: dcl@dcleelaw.com
State Bar No.: 24070124
Federal ID: 1097991

           Respectfully submitted,

           LAW OFFICE OF DUSTIN C. LEE, PC

           By: */s/ Dustin C. Lee*
           Dustin C. Lee
           6700 Sands Point Dr.
           Houston, Texas 77074
           Phone: (817) 422-5940
           Email: dcl@dcleelaw.com
           State Bar No.: 24070124
           Federal ID: 1097991
           *Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

  I certify that on June 15, 2024, I electronically filed the foregoing motion with the Clerk of the Court using the CM/ECF system which will send notification of filing to all counsel and parties of record.

                */s/   Dustin C. Lee*
                Dustin C. Lee